# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS J. MYERS,<br><br>                    Plaintiff,<br><br>        v.<br><br>L. PULIDO,<br><br>                    Defendant. | Case No.  1:16-cv-00638-AWI-SAB (PC)<br><br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO STAY DISCOVERY<br>(ECF No. 28)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR EXTENSION OF TIME TO<br>SUBMIT OPPOSITION TO DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT<br>FOR FAILURE TO EXHAUST<br>ADMINISTRATIVE REMEDIES<br>(ECF No. 31)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Dallas J. Myers is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On March 8, 2017, Defendant Pulido filed a motion for summary judgment on the ground that Plaintiff failed to exhaust available administrative remedies before filing suit. (ECF No. 27.) The same day, Defendant filed a motion to stay merits-based discovery pending a decision on the motion for summary judgment. (ECF No. 28.) Plaintiff has not filed a response to either motion.

1         On April 6, 2017, Plaintiff filed a motion for an extension of time to submit an opposition

2 to Defendant's motion for summary judgment for the failure to exhaust administrative remedies..

3 Defendant has not responded, but the Court finds no response necessary.

4         The Court shall now address Defendant's motion to stay discovery, and Plaintiff's motion

5 for an extension of time.

## II.

## MOTION TO STAY

8         Defendant argues that merits-based discovery should be stayed in this case pending a

9 decision on the motion for summary judgment for failure to exhaust available administrative

10 remedies. Defendant asserts in support that (1) the pending motion will potentially dispose of the

11 entire case; (2) the Court does not require additional information to decide the pending motion;

12 and (3) the expenditure of resources required to respond to merits-based discovery will be

13 needless if the Court grants Defendant's motion for summary judgment. Defendant also submits

14 a declaration of counsel in support stating that Plaintiff served discovery on or about February 2,

15 2017 on Defendant which is not related to whether available administrative remedies were

16 exhausted, and Defendant argues that using resources to respond to that discovery at this time

17 would not be efficient.

18         The Court is vested with broad discretion to manage discovery. Dichter-Mad Family

19 Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange,

20 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635

21 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1),

22 the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The

23 avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R.

24 Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers

25 the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685

26 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

27         The propriety of delaying discovery on the merits of the plaintiff's claims pending

28 resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v.

Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendants are entitled to move for judgment on the issue. Albino, 747 F.3d at 1166.

The Court agrees with Defendant that judicial economy is best served by staying merits-based discovery until after the Court rules on the pending motion for summary judgment for failure to exhaust available administrative remedies. Plaintiff has not opposed the stay, and does not contradict Defendant's representation that the currently-pending discovery requests are unrelated to the exhaustion defense raised here. Accordingly, merits-based discovery will be stayed in this matter. Defendants will be ordered to respond to Plaintiff's First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission served on or about February 2, 2017, within thirty (30) days after the District Judge issues a ruling on Defendant's motion for summary judgment for failure to exhaust available administrative remedies.

**III.**

**MOTION FOR EXTENSION OF TIME**

Plaintiff moves for an extension of time to submit an opposition to Defendant's motion for summary judgment for failure to exhaust available administrative remedies, stating that he is not aware of the deadline to oppose that motion, but is diligently preparing a response. Thus, he seeks an extension in case his response becomes overdue.

On May 9, 2016, the Court issued its First Informational Order in this case, informing the parties that they must comply with that order, the Federal Rules of Civil Procedure, and the Local Rules of this District, as modified by that order. That order provided that Local Rule 230(l) sets out the schedule for briefing motions. Defendant's notice of motion and motion for summary judgment also stated that it was submitted pursuant to Local Rule 230(l). (ECF No. 27, p. 2.) Local Rule 230(l) provides, in pertinent part, that "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21), days after the date of service of the motion." As a result, Plaintiff's opposition is currently overdue.

1    As also discussed in the First Informational Order, extensions of time must be filed

2  before the deadline expires and must be supported by good cause for the requested extension.

3  Plaintiff states that he had some confusion over the opposition deadline here because the copy of

4  the motion he received was not dated. The version of Defendant's summary judgment motion

5  and the supporting documents filed with the Court are all dated, and have proofs of service

6  attached indicating date of service, which should have permitted Plaintiff to determine the

7  applicable deadline here. Plaintiff should take care to adhere to the applicable deadlines in this

8  matter, and to fully review the court filings he is served with to determine filing deadlines.

9    Nevertheless, the Court finds good cause here based on Plaintiff's diligence for a

10  reasonable extension of time to file his opposition. Plaintiff is warned that any future extensions

11  must be supported by good cause and filed before the expiration of the deadline. Plaintiff is

12  further warned that the failure to file an opposition to Defendant's motion for summary judgment

13  may be deemed a waiver of any opposition to the granting of the motion, and may result in the

14  imposition of sanctions.

15                                      **IV.**

16                                 **CONCLUSION**

17    Accordingly, it is hereby ordered that:

18    1.    Defendants' motion to stay merits-based discovery, filed March 8, 2017 (ECF No.

19  28), is GRANTED;

20    2.    Defendants are relieved of the obligation to respond to Plaintiff's discovery

21  served on February 2, 2017, until thirty (30) days after the District Judge issues a ruling on

22  Defendant's motion for summary judgment for failure to exhaust available administrative

23  remedies; and,

24    3.    Plaintiff's motion for an extension of time to oppose Defendant's motion for

25  summary judgment for failure to exhaust available administrative remedies, filed on April 6,

26  2017 (ECF No. 31), is GRANTED.

27  ///

28  ///

1          Plaintiff shall file his opposition, if any, within thirty (30) days of the date of service of

2    this order.

3

4    IT IS SO ORDERED.

5    Dated:   **April 10, 2017**

                                     UNITED STATES MAGISTRATE JUDGE