# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS JOSHUA JAMES MYERS,<br><br>    Plaintiff,<br><br>v.<br><br>L. PULIDO,<br><br>    Defendant. | Case No.: 1:16-cv-00638-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 52)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Dallas J. Myers is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 14, 2017, the parties stipulated to a voluntary dismissal of this action, and thus this matter was terminated and dismissed with prejudice. Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

On June 30, 2017, Plaintiff filed a motion seeking an order requiring prison officials at Mule Creek State Prison to give him back his legal property immediately. Plaintiff states that when he was returned to the institution from Court and was told it could take up to 30 days for him to receive all of his property. Plaintiff seeks an order directing that he receive all of his property immediately. The Court construes Plaintiff's request as a motion seeking preliminary injunctive relief.

///

///

1

## II.

## LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L.Ed.2d 1 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969.

## III.

## DISCUSSION

This matter concerned Plaintiff's claims regarding allegations of past uses of excessive force and unconstitutional conditions of confinement at California State Prison, Corcoran, against Correctional Officers J. Gonzales and H. Flores. Those claims have now been voluntarily dismissed with prejudice by stipulation, and this matter is closed.

The pendency of this action does not give Plaintiff standing to seek any court orders directed at remedying his current conditions of confinement at Mule Creek State Prison, against prison officials who are not a party to this action. Summers, 555 U.S. at 493 (citation omitted); Mayfield, 599 F.3d at 969. The Court's jurisdiction is limited to the adjudication of Plaintiff's Eighth Amendment claims

arising from prior events at California State Prison, Corcoran. Nor can this Court issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Plaintiff has also failed to allege or demonstrate "actual injury" by the alleged misconduct by prison officials. Plaintiff asserts that his legal property is required because he has ongoing litigation. It is unclear what this litigation entails, whether Plaintiff has any pending deadlines, or whether he can receive any extension on those deadlines based on the need for some additional time to receive his legal property due to his transfer. Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Plaintiff has provided no basis for this court to interfere with the jail's administration of the delivery of his property.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion seeking an order to Mule Creek State Prison to give him back his property immediately, filed June 30, 2017 (ECF No. 52), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///
///
///
///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2017**

_____
UNITED STATES MAGISTRATE JUDGE